UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARTER EUBANKS #13793-040,

    Defendant.
_____/

Case No. 1:08-cr-154

HON. JANET T. NEFF

## OPINION

This matter is before the Court on Defendant Carter Eubanks' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 56), based on alleged ineffective assistance of counsel related to his sentencing and appeal. The Government filed a Motion requesting an order that Defendant had waived the attorney-client privilege with regard to his claims of ineffective assistance of counsel, which the Court granted. The Government has now filed a Response to Defendant's § 2255 motion (Dkt 69), along with the affidavit of criminal defense counsel, David L. Kaczor, who represented Defendant at sentencing and on appeal (Dkt 68). Defendant has filed a reply (Dkt 70).

The Court has reviewed the parties' submissions and concludes that Defendant's motion is properly denied.

I. BACKGROUND

On October 31, 2007, Grand Rapids, Michigan police officers responded to a report that Defendant was selling drugs from a car in an apartment parking lot (Presentence Investigation Report (PSR) ¶ 13). As the officers approached the car, Defendant got out of the car and fled, ignoring the officers' demands to stop (*id.*). The officers apprehended Defendant and searched the car, where they found approximately two ounces of marijuana (*id.* ¶ 14). Police later searched Defendant's residence, where they found a loaded Colt .25 caliber semiautomatic pistol (*id.* ¶¶ 15-16).

On June 12, 2008, Defendant was charged in a single-count Indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Dkt 1). Attorney Kaczor was appointed to represent Defendant.

On October 15, 2008, Defendant entered a guilty plea (Dkt 33). Defendant was sentenced on February 23, 2009. This Court calculated Defendant's guideline range at 130-162 months (Dkt 52, Sent. Tr. at 22). However, because Defendant qualified as an Armed Career Criminal, the Court sentenced him to the mandatory minimum of 180 months (Sent. Tr. at 22, 33). Defendant appealed, and the Sixth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Eubanks,* 617 F.3d 364 (6th Cir. 2010). Defendant did not file a petition for a writ of certiorari, but he did timely file the instant *pro se* motion pursuant to 28 U.S.C. § 2255.

II. STANDARDS

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum

2

authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine disputed issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (internal quotations omitted)).

For the reasons stated below, the record in this case conclusively shows that Defendant is entitled to no relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

### III. DISCUSSION

Defendant raises three grounds of ineffective assistance of counsel in his motion: (1) counsel failed to investigate Defendant's prior juvenile adjudication used to enhance his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which was uncounseled, and therefore constitutionally invalid; (2) counsel failed to object to the presentence investigation and at sentencing to the use of the prior juvenile adjudication used to enhance his sentence; and (3)

3

appellate counsel failed to raise the issue of the viability of the juvenile adjudication relied on for the sentence enhancement under § 924(e).[1] The Court finds these claims contrary to the record and without merit.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, i.e., "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that the deficient performance prejudiced the defense so as to render the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"[J]udicial scrutiny of counsel's performance must be highly deferential." *Sims v. Livesay*, 970 F.2d 1575, 1580 (6th Cir. 1992). "The court should begin with 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689).

A.  *Counsel Failed to Investigate Defendant's Prior Juvenile Adjudication*

Defendant claims that Attorney Kaczor rendered ineffective assistance at both the trial stage and the appellate stage by failing to object to the unconstitutionality of the prior juvenile adjudication for assault with a dangerous weapon (case no. 900207-01 DL) used to enhance his sentence under § 924(e), which was constitutionally infirm because he was unrepresented by counsel (Dkt 57 at 7, 9).

---

[1] Defendant also states in his affidavit that counsel was ineffective for failing to seek a writ of certiorari from the United States Supreme Court. This issue is not properly raised, and in any event, is without merit, as discussed subsequently.

The Government's brief is entirely unresponsive on this point, as is the Affidavit the Government secured from Attorney Kaczor.[2] Nonetheless, the Court finds Defendant's claim contrary to the record.

"Juvenile adjudications, where the defendant has the right to notice, the right to counsel, the privilege against self-incrimination, the right to confront and cross-examine witnesses, and the right to a finding of guilt beyond a reasonable doubt, provide sufficient procedural safeguards to satisfy the reliability requirement that is at the heart of *Apprendi*." *United States v. Crowell,* 493 F.3d 744, 750 (6th Cir. 2007). As the Sixth Circuit has explained:

---

[2]The Government's Response brief (Dkt 69) addresses at length the "viability" challenge to the juvenile adjudication that counsel pursued during sentencing and on appeal, which was rejected by this Court and the Sixth Circuit Court of Appeals. *See Eubanks,* 617 F.3d 364. Nowhere in its Response does the Government address Defendant's specific claim that his juvenile adjudication was unconstitutionally invalid because he was uncounseled, and therefore, the adjudication could not be used to enhance his sentence. This is despite the fact that the Government's brief in support of its motion seeking a waiver of the attorney-client privilege (Dkt 62) expressly acknowledges that Defendant makes that specific claim, stating:

> 3. In his Section 2255 motion, Movant alleges that David L. Kaczor, the attorney who represented him in his criminal case, rendered ineffective assistance of counsel.
> Specifically, Movant alleges:
>
> a. *That Mr. Kaczor failed to investigate the constitutionality of Movant Eubanks's prior juvenile adjudication which was applied to his Armed Career Criminal status, claiming that Eubanks was unrepresented;*
>
> b. That Mr. Kaczor failed to object to the application, or more specifically, the "viability" of the juvenile adjudication; and
>
> c. That Mr. Kaczor failed to object to the application of 18 § U.S.C. 924(e).

(Dkt 62 at 1-2; emphasis added). Additionally, the Government's brief contains errors in its page citations to the PSR and misstates the guideline range calculated by the Court as 130-160 months rather than 130-162 months.

5

In *Crowell*, this court held that "the use of procedurally sound juvenile adjudications as [ACCA] predicates does not violate due process." 493 F.3d at 750. Laferriere also argues that the Government has the burden of affirmatively showing that the procedural guarantees provided by Michigan law were actually afforded to Laferriere in his particular case. But this argument misreads *Crowell*, and a requirement that the Government demonstrate that a defendant received due process during a prior adjudication would be inconsistent with *Custis v. United States,* 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed.2d 517 (1994). *Crowell* upheld the ACCA predicate where there was no indication the defendant had *not* received due process protections, and state law clearly provided for such protections. *See* 493 F.3d at 750–51. This is the situation in the present case. In *Custis*, the Supreme Court held that the ACCA "does not permit [a defendant] to use the federal sentencing forum to gain review of his state convictions." 511 U.S. at 497, 114 S. Ct. 1732; *see also United States v. Rogers,* 45 F.3d 1141, 1143 (7th Cir.1995) (applying *Custis* to a juvenile conviction). The only exception to this rule is for claims that the defendant was denied counsel entirely, *see Custis,* 511 U.S. at 496, 114 S. Ct. 1732, and Laferriere has produced no evidence that he was denied his right to counsel.

*United States v. Laferriere,* 399 F. App'x 65, 68-69 (6th Cir. 2010).

Here, as in *Laferriere*, Defendant has produced no evidence that he was denied his right to counsel. With regard to the prior convictions relied on for Defendant's ACCA enhancement, the PSR states in "Part B. DEFENDANT'S CRIMINAL HISTORY": "The defendant was represented by counsel or waived counsel as verified by documents or required by state law in all of the following convictions" (PSR ¶ 38). This section includes the Assault with a Dangerous Weapon conviction in case no. 90020701-DL (PSR ¶ 42). Defendant had no objections to the factual recitations in the PSR (Dkt 52, Sent. Tr. at 4). Defendant provides nothing more than his mere assertion that he was uncounseled. He provides no evidentiary support for this assertion, and it is contrary to the record.[3] Defendant's claim that his juvenile adjudication is constitutionally invalid and may not be used to enhance his sentence under § 924(e) is without merit.

---

[3]Defendant provides an "Affidavit"; however, the Affidavit is not sworn or notarized and is nothing more than Defendant's statement of the alleged facts.

Additionally, although counsel is under a duty to conduct reasonable investigations, *see Sims,* 970 F.2d at 1580-81, Attorney Kaczor avers in his Affidavit that he performed a complete investigation of Defendant's juvenile adjudication (Kaczor Aff., Dkt 68 at 2, ¶ 7A). This investigation included obtaining a complete copy of the juvenile court file (some 150 pages in length), reviewing the entire file, and in conjunction with a Legal Research and Writing Attorney, spending over 25 hours reviewing and researching the issue of application of Defendant's juvenile adjudication. Given this record, Defendant has failed to show that counsel rendered ineffective assistance with regard to investigating his juvenile adjudication as a basis for enhancing his sentence under the ACCA.

B.     *Failure to Object to the Use of the Prior Juvenile Adjudication to Enhance his Sentence*

Because there is no evidence supporting an objection on the ground that Defendant's juvenile adjudication was constitutionally invalid because he was unrepresented by counsel, Attorney Kaczor cannot be found to have rendered ineffective assistance in this regard. The record establishes that Attorney Kaczor otherwise raised any objections he deemed valid, both at sentencing and on appeal (Kaczor Aff., Dkt 68 at 3-4, ¶¶ 7B, 7C; Dkt 45). *See Eubanks,* 617 F.3d 364.

Although not properly raised in his motion, Defendant makes a cursory argument that counsel failed to object to the enhancement he received for the gun being stolen since the firearm was reported stolen in 1975 before he was born. Although Defendant's claim is not entirely clear, it appears to have no basis in fact. Defense counsel objected to the stolen gun enhancement (Dkt 52, Sent. Tr. at 6-8). The Court stated that it was essentially in agreement with the defense objection, "and particularly under the circumstances of this case where, as I understand it, as I recall from reading the file, this, the gun was reported stolen in 1970 which was about seven years before

this defendant was born" (*id.* at 9). The Court sustained the objection with regard to the gun (*id.* at 20). Defendant's argument has no merit.

C.   *Failure to Raise on Appeal the Issue of the Viability of the Juvenile Adjudication Relied on for the Sentence Enhancement under § 924(e)*

This claim appears to overlap Defendant's claims above, and it fails for the reasons previously discussed. The record does not support an objection based on the claim that Defendant was unrepresented by counsel with respect to his juvenile adjudication; counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Chapman v. United States,* 74 F. App'x 590, 593 (6th Cir. 2003) ("Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation."); *see also Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986). Counsel otherwise raised the issue of the viability of the juvenile adjudication, which was rejected by the Court of Appeals. *Eubanks,* 617 F.3d 369-70.

D.   *Failure to Seek a Writ of Certiorari*

Although this issue is not properly raised in Defendant's § 2255 motion, the Court will briefly address the lack of merit. Defendant states in his statement of facts in his "affidavit" that after his appeal was denied, he requested that counsel seek a writ of certiorari, that counsel informed him he would most likely lose at the Supreme Court, that Defendant instructed counsel to file anyway, and that counsel failed to do so.

Defendant provides no time or circumstances to support his bare assertion that he requested counsel file the writ of certiorari, and his assertion is contradicted by Attorney Kaczor's Affidavit. Counsel avers that Defendant never contacted him with any such request, and had Defendant made such a request, counsel would have followed up by informing Defendant in writing that, in counsel's

judgment, there were no grounds for seeking Supreme Court review (Kaczor Aff., Dkt 68 at 4, ¶ 7D). Further, counsel would have included a copy of Sixth Circuit Rule 101(g), which provides that appointed counsel is "obligated to file a petition for a writ of certiorari in the Supreme Court of the United States if the client requests that such a review be sought and, in counsel's considered judgment, there are grounds for seeking Supreme Court review" (Dkt 68-2 at 3). Since, even if true, Defendant's allegations concede that counsel had determined there was no merit in seeking Supreme Court review, counsel cannot be deemed ineffective for failing to file for a writ of certiorari that was, in counsel's judgment, without merit.

Moreover, counsel provided a copy of a November 3, 2010 letter to Defendant on this issue, acknowledging a phone message from Defendant's wife after the time had passed for seeking Supreme Court review, which further supports counsel's averments that there was no basis for seeking review. Defendant's claim of ineffective assistance on this ground is without merit.

IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Defendant. RULES GOVERNING § 2255 CASES, Rule 11; *see also Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of

Defendant's ineffective-assistance-of-counsel claims debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

V. CONCLUSION

Defendant Eubanks' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 56) is denied. A certificate of appealability is also denied.

An Order consistent with this Opinion will enter.


DATED: July 31, 2012              /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge